**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY ) <br> and CASTLEROCK RESOURCES, INC., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> BP AMERICA PRODUCTION COMPANY, ) <br> ) <br> ) <br> **Defendant.** ) | Case No. 4:18-cv-00054-JED-JFJ |

**PLAINTIFFS' SUR-REPLY TO
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiffs respectfully submit this Sur-reply in opposition to Defendant's Reply in Support of Its Motion To Dismiss (the "*Reply*"). In support of overruling Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"), Plaintiffs would show the Court the following:

BP makes five (5) points in its *Reply* which Plaintiffs will address in turn herein:

1. **Plaintiffs do not assert that they, themselves, are entitled to any Unclaimed Property (principal or interest);** (BP's *Reply*, p.3-4).

This is a class action lawsuit for unpaid PRSA interest. All Owners who received an Untimely Payment from BP without the payment of PRSA interest are members of the Class despite the location of the Owners' O&G Proceeds. The O&G Proceeds could be many places – BP's suspense account, BP's operating account, State Treasurer's fund, and/or in the hands of the rightful Owner. No matter where the O&G Proceeds are located, the unpaid PRSA interest is always in the same place – BP's bank account. The Owners included in the putative class all have a claim for PRSA interest. Both Chieftain and Castlerock have claims for unpaid PRSA interest and so they are proper Plaintiffs and BP's apparent argument that Plaintiffs Chieftain and

Castlerock are improper class representatives would be better addressed in defense of Plaintiffs' future motion for Class Certification. The fact that the State Treasurer is holding some of the Owners' proceeds does not change the fact that BP owes those Owners PRSA interest. Further, any Owners who have claimed and received their O&G Proceeds from the State Treasurer remain members of Plaintiffs class because the PRSA interest that is owed to them has still not been paid by BP. BP's claim that Plaintiffs have excluded these Owners from the class is just wrong.[1] Of course, BP needs to take this unfounded position because none of the defenses raised by BP about the State being the rightful "holder" apply at all to this group of formerly Unlocated Owners. Again, this class action lawsuit against BP is for payment of unpaid PRSA interest. Interestingly, throughout its Motion and Reply, BP does not once dispute Plaintiffs' claims that BP's. policy is to not pay earned PRSA interest unless an Owner makes a written demand and even then, BP puts up roadblocks.

Plaintiffs are making a claim for the PRSA interest, not for the Unclaimed Property itself. The Unclaimed Property belongs to Unlocated Owners. Both groups of Owners, located or unlocated, are part of this class as long as they have a claim against BP for unpaid PRSA interest. BP's pay deck data, suspense account data, and Unclaimed Property reports to the State Treasurer all contain the names of the Owners of O&G Proceeds. BP's argument that Plaintiffs are somehow required to re-prove that these Owners are "entitled to the principal" is just as ridiculous as BP's practice of keeping these Owners' earned PRSA interest. *See Reply* at p.3. BP already identified each of the Unlocated Owners and the amount of O&G Proceeds due each of them before it paid

---

[1] *See Reply* at p.4 where BP incorrectly states: "Plaintiffs do not bring a claim on behalf of owners who applied to the State and received the Unclaimed Property, but who now believe they had been shorted the interest due on the principal." BP then says these formerly Unlocated Owners have no claims because their claims are barred – that "barred claims" argument is refuted in Plaintiffs' *Response* brief at pp.15-16.

the principal over to the State as trustee of those owners.[2] The Owners are entitled to their own O&G Proceeds plain and simple, no matter where those O&G Proceeds are located. On p.4 of its *Reply*, BP states that "Plaintiffs have failed to allege an entitlement to the principal – the "proceeds" - and, therefore, cannot claim the interest earned on those proceeds." Plaintiffs **have** alleged an entitlement to the principal - the O&G Proceeds; BP just ignored it. Paragraph 16(2) of Plaintiffs' *First Amended Complaint* states that the Class is comprised of persons or entities:

> (2) whose **O&G Proceeds** have been, or during the pendency of this action will have been, paid over by Defendant to various state agencies as unclaimed or abandoned property ("Unclaimed Property") without the payment of statutory interest prescribed by the Act;

It is baffling how BP continuously misses this simple point. O&G Proceeds (principal) are the property of the Owners **and** unpaid PRSA Interest is also the property of the Owners. Whether the Owner is located or unlocated, if BP paid an Owner's principal over to the State Treasurer, the Owner can and will obtain that principal amount from the State Treasurer.

Plaintiffs are not attempting to obtain the O&G Proceeds of Unlocated Owners because it is up to Unlocated Owners to obtain the O&G Proceeds held by the State Treasurer. Again, this lawsuit is for unpaid PRSA interest. In a continued attempt to confuse these simple issues, BP intentionally misquoted footnote 2 of Plaintiffs' *Response* by omitting the last sentence and then cited to that footnote three times in its *Reply*. *Compare* BP's *Reply* at p.3 with Plaintiffs' *Response* p.2, n.2. The last sentence to Plaintiffs footnote 2 didn't fit with BP's arguments, so BP simply ignored it -

---

[2] Some of the Unlocated Owners may turn out to be persons who have passed away. In that case, the common industry practice is to have the heirs provide an Affidavit of Death and Heirship detailing the current ownership in order to put the heirs in a "pay status" unless the amount held is significant, in which case the heirs are still only required to file a simple ancillary probate so that the funds can be paid into court. As BP admits at p.5 of its *Reply,* the State Treasurer follows the same simple practice – an affidavit is sufficient for amounts up to $10,000 and ancillary probate for greater amounts. Whatever the case, earned Statutory Interest is still due and has not been paid by BP.

> "Unlocated Owners who are located by Plaintiffs will receive the collateral benefit of collecting their O&G Proceeds along with the earned statutory interest."

Plaintiffs' counsel isn't collecting the O&G Proceeds, instead, Plaintiffs' counsel intends to locate, where feasible based on a diligent search, the Owners that BP was "unable" to locate. Plaintiffs will then inform the Unlocated Owner that the State Treasurer is holding O&G Proceeds that belong to them so that they can apply for and receive their principal funds from the Unclaimed Property Funds. This is exactly what the State Treasurer wants them to do. Of course, the Owners will not collect earned PRSA interest from the State Treasurer because BP never paid it to the State Treasurer as trustee for the Unlocated Owners – that is what this lawsuit seeks to remedy. BP attempts to confuse and convolute this simple fact. But, despite BP's efforts, there is simply no law that requires an Owner to go through the State Treasurer to collect PRSA interest that BP owes.

Plaintiffs' counsel has been successful in numerous cases making distributions to tens of thousands of owners in oil and gas royalty class actions by locating them and paying them without resorting even once to what BP calls "mini-trials." (BP's use of the term "mini-trials" seems to be an attempt to shoehorn into class certification terminology which simply does not apply.). BP is glossing over the fact that the vast number of Owners for whom BP paid money to the State without interest are **known** individuals. BP's report to the State includes a person's name. These Owners are not unknown people, they are simply unlocated. The only thing missing is their current address, and Plaintiffs assert that is because BP didn't make a diligent effort to find them.

Lastly, if BP relied on an incorrect Attorney General opinion for 30 years, then it should fire its lawyers. That opinion was no more binding on BP than it is on this Court, Plaintiffs and the putative class members. This court will decide how much interest is due and respectfully, this

Court will not base that calculation on an incorrect, nonbinding, 30-year old opinion. Moreover, for purposes of this *Motion*, the Court must assume that BP did no investigation to locate Owners as Plaintiffs alleged in their Complaint. Further, if BP actually relied on that Opinion, then it is well aware of the fact that that Opinion required a diligent search. Here, in its *Motion* and *Reply*, BP has never claimed that it made a diligent search at all.

2. **Plaintiffs' new purported class group consists of owners who have not actually established, to the State's satisfaction, that they are entitled to the principal of the Unclaimed Property;** (BP's *Reply*, p.4-6).
   **-and-**
3. **Plaintiffs seek to bypass state law on determining the rightful owner of the Unclaimed Property;** (BP's *Reply*, p. 4-6).

Plaintiffs do not have a "new purported class group" as BP contends and BP raises this argument for the first time in its *Reply*. Moreover, the current location of an Owner's O&G Proceeds has no bearing on Plaintiffs' claims for that unpaid PRSA interest. The only location that really matters here is the location of that unpaid PRSA interest, which is crystal clear – in BP's bank account.

Plaintiffs are not attempting to deprive anything from the State Treasurer. Likewise, despite what BP repeatedly states[3], Plaintiffs are not seeking a double recovery, Plaintiffs are only seeking to recover the unpaid PRSA interest BP has in its bank account. That unpaid PRSA interest is the property of the Owners, not BP and not the State Treasurer. Again, BP owes the unpaid PRSA interest to the Owner, not the State.

4. **Plaintiffs' proposed class does not include the State, and yet they are attempting to recover monies they agree is owed to the State;** (BP's *Reply*, p. 6-7).

This argument by BP is very confusing – no money is OWED to the State and Plaintiffs neither contend nor "agree" that money is "owed to the State" as BP boldly states without a citation

---

[3] *See* BP's *Reply*, p.2 "All of this subjects BP to potential double claims…" and pp.9-10.

5

to any statements of Plaintiffs. *See Reply*, p.3. The unpaid PRSA interest is OWED to the Owner of the O&G Proceeds that were turned over to the State. The State is merely a trustee or custodian for the property of Unlocated Owners. BP owes the money to the Owners, not the State. If Plaintiffs cannot locate an Owner, the unpaid PRSA interest that BP owes to that Owner will be paid over to the State as trustee or custodian – not as an owner itself. The State will reap the benefit (in terms of an interest free loan until the rightful owner eventually claims his money) of BP finally having to pay over the PRSA interest which it has held on to for years and years. Again, just because BP could not find an Owner, it doesn't mean that Owner's O&G Proceeds disappear. Nor does it mean that that same Owner's claim to PRSA interest disappears.

5. **Plaintiffs seek to deduct costs and fees from any interest recovered on the Unclaimed Property before turning it over to purported rightful owners or the State. (BP's Reply, p.6-7)**

Attorneys' fees are awarded at the discretion of this Court. BP has no dog in that hunt. Moreover, any recovery by Plaintiffs does not belong to BP. The unpaid PRSA interest is not BP's property. It was never BP's property at all. It was money BP should have paid and never did. If Plaintiffs are successful in forcing BP to pay the earned PSRA interest that it currently refuses to pay, then counsel will request attorney fees and costs will be paid out of the common fund created through counsel's efforts. Further, Plaintiffs' counsel represents Plaintiffs and a putative class of Owners, not the State and therefore, the 15% fee would not apply here.

In conclusion, BP is trying to skirt its legal obligation yet again by claiming that somehow an Owner is no longer an Owner if they cannot be found. BP should go ahead and flat-out state what they mean – BP wants this Court to rule that BP gets to keep all of the PRSA interest it owes to Unlocated Owners.

DATED this 20th day of November, 2018.

Respectfully submitted,

*[signature]*

Robert N. Barnes, OBA No. 537
Patranell B. Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
**BARNES & LEWIS LLP**
208 NW 60th Street
Oklahoma City, OK 73118
Telephone: (405) 843-0363
Facsimile: (405) 832-1007
rbarnes@barneslewis.com
plewis@barneslewis.com
ekitch@barneslewis.com

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile:(405)239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa P. Baldwin, OBA No. 32947

Drew G. Pate  
Cody L. Hill  
Brooke A. Churchman  
**NIX PATTERSON, LLP**  
3600 N. Capital of TX Hwy.  
Bldg. B, Suite 350  
Austin, TX 78746  
Telephone: (512) 328-5333  
Facsimile: (512) 328-5335  
bbeckworth@nixlaw.com  
lbaldwin@nixlaw.com  
dpate@nixlaw.com  
codyhill@nixlaw.com  
bchurchman@nixlaw.com  

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2018, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

L. Mark Walker  
Harvey D. Ellis  
Micah L. Adkison  
Susan E. Huntsman  
Mark D. Christiansen  

_____  
Robert N. Barnes