# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, and ) <br> CASTLEROCK RESOURCES, INC., ) <br> ) <br>      Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BP AMERICA PRODUCTION ) <br> COMPANY, ) <br> ) <br>      Defendant. ) | Case No. 18-cv-54-JED-JFJ |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SUR-REPLY ON MOTION TO DISMISS

Defendant BP America Production Company ("BP") respectfully files this response to the Plaintiffs' Sur-Reply (Dkt. #58) and in support of its Motion to Dismiss.

## INTRODUCTION

Most of Plaintiffs' Sur-Reply is simply a longer narrative of the arguments it made in its original response to BP's Motion to Dismiss. BP will not respond to this narrative, nor to Plaintiffs' improper assertion that BP must deny their unfounded allegations in a motion on the pleadings. BP has already answered and denied Plaintiffs' allegations, and it will do so again when appropriate.

This response focuses only on Plaintiffs' attempts to confuse the process by which BP is obligated to provide certain unclaimed property to the non-party, non-class member State of Oklahoma, who – as the allegations currently stand – is the only person currently entitled to claim the Unclaimed Property (including interest, if any).

## THE UNIFORM ACT

The Uniform Act is not a trick that somehow "allows" BP to avoid paying O&G Proceeds (including interest) to the purported rightful owner. Rather, it is a state statute that

requires BP to remit those funds to the State when certain circumstances are met. After five years, the statute deems the property held by BP that has remained unclaimed as "presumed abandoned." Okla. Stat. tit. 60 § 658(A). Each year, BP "shall . . . remit all proceeds accrued to date" and these proceeds include "all interest, additions, and increments accrued to the account of the owner." *Id*. § 658(B). At that point, it is the State that has the entitlement to the funds and the ability to determine the rightful owner, not BP nor anyone else.

As for whether any interest is due with those payments, that is an issue that depends greatly on the individual circumstances and is not something that can or should be determined here. The important point is that once the property becomes presumed abandoned and BP is to provide it to the State with "all interest," it is the State that has the entitlement to that interest (if any). And, while Plaintiffs' take issue with the Attorney General Opinion on when interest is due on unclaimed property, the State Treasurer would not and could not. As a state official, the State Treasurer is bound by an Attorney General's opinion unless and until it is found to be inconsistent with a final determination of a court of competent jurisdiction. *Branch Trucking Co. v. State ex rel. Okla. Tax Comm'n*, 1990 OK 41, 801 P.2d 686, 690. The State Treasurer, therefore, would have to determine, "on a case-by-case basis," 1989 OK AG 53, ¶20(3), 21 Okla. Op. Att'y Gen. 63, whether interest was due according to the AG's interpretation of the statute or otherwise.

Once the State has the Unclaimed Property, it is then the State's entitlement to determine who is the rightful owner after the claimant makes a proper claim for that property. (*See* Reply, Dkt. #55, at 4-6.) As previously detailed, this is not just a simple matter of searching for an individual name. Plaintiffs' assertion that the "vast number of Owners for whom BP paid money to the State without interest are **known** individuals" (Sur-Reply, Dkt. #58, at 4) is neither

consistent with any allegations in the Complaint, nor is it accurate. The Uniform Act requires the report of presumed abandoned property to include the "name, if known, and last-known address, if any, of each person appearing from the records . . . to be the owner of the property . . . ." Okla. Stat. tit. 60, § 661(B)(1). In many instances, this would not be the name of the person ultimately entitled to claim the property – it could be the deceased individual who died any number of years ago without obvious heirs, the last person to hold clear record title on a leasehold interest that has changed hands many times over the years, a small company that has dissolved without notification to BP, a person who claims to own the property but cannot show clear title, etc. This is why the State has the process it does for claiming, and proving that claim, to unclaimed property.

## PLAINTIFFS' ALLEGATIONS

In light of the Uniform Act, Plaintiffs' sparse factual allegations are insufficient to plead that they, or any proposed new class member, suffered damages under the PRSA.

Plaintiffs now seek to represent a class of persons "whose O&G Proceeds have been, or during the pendency of this action will have been, paid over by Defendant to various state agencies as unclaimed or abandoned property ('Unclaimed Property') without the payment of statutory interest as prescribed by the [PRSA]." (1st Am. Compl., Dkt. #39, ¶ 16(2).) The entirety of the allegations relating to the Unclaimed Property are as follows:

> "Based on information and belief, Plaintiffs further allege that Defendant does not make reasonable and consistent efforts to locate and pay O&G Proceeds to Owners. Instead, Defendant keeps the O&G Proceeds in Suspense Accounts or its general operating account and untimely pays the O&G Proceeds to various states as Unclaimed Property without also paying the statutory interest owed under the Act." (*Id*. ¶ 30.)

> "In violation of the Act, when Defendant . . . paid O&G Proceeds to various states as Unclaimed Property, Defendant did not pay the interest owing on the Untimely Payments." (*Id*. ¶ 45.)

"Owners have no knowledge that Defendant has paid over to various states their O&G Proceeds with no payment of statutory interest earned pursuant to the Act." (*Id*. ¶ 58.)

Plaintiffs make no factual allegations that would render the Uniform Act inapplicable.

If Plaintiffs wanted to allege facts supporting a claim to the alleged underpayment of Unclaimed Property (by omitting interest, if any), they would need to allege facts showing that they were entitled to funds escheated to the State, they applied to the State and were determined by the State to be the owner of the Unclaimed Property, the Unclaimed Property was underpaid, and the release of liability in the statute does not apply. Plaintiffs have done none of this. Even if any interest was supposed to be included, but omitted, from the Unclaimed Property, Plaintiffs have pled no claim to it and no damages.

DATED December 11, 2018.

Respectfully submitted,

s/Susan E. Huntsman
L. Mark Walker, OBA #10508
Harvey D. Ellis, OBA #2694
Micah L. Adkison, OBA #33107
CROWE & DUNLEVY
A PROFESSIONAL CORPORATION
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
mark.walker@crowedunlevy.com
harvey.ellis@crowedunlevy.com
micah.adkison@crowedunlevy.com

Susan E. Huntsman, OBA #18401
CROWE & DUNLEVY
A PROFESSIONAL CORPORATION
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
susan.huntsman@crowedunlevy.com

Mark D. Christiansen, OBA #1675
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 552-2233
Facsimile: (405) 228-7435
mark.christiansen@mcafeetaft.com

ATTORNEYS FOR DEFENDANT BP
AMERICA PRODUCTION COMPANY


<u>CERTIFICATE OF SERVICE</u>

☑   I hereby certify that on this 11th day of December, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

| | |
|---|---|
| Jeffrey John Angelovich | Lisa Paulette Baldwin |
| Robert Norton Barnes | Bradley Earl Beckworth |
| Michael Burrage | Cody Lee Hill |
| Paula M Jantzen | Emily Nash Kitch |
| Patranell Britten Lewis | Andrew Gordon Pate |
| Jason Andrew Ryan | Patrick Michael Ryan |
| Phillip Gardner Whaley | Brooke Anne Churchman |


s/Susan E. Huntsman